```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

BARRY SPENCER II,
    Plaintiff,

    v.                                          CIVIL ACTION NO.
                                                  13-11528-MMB

MR. LEWIS, et al.,
CITY OF BOSTON POLICE DEPARTMENT,
    Defendants.[1]

**MEMORANDUM AND ORDER RE:
MOTION FOR JOINDER OF PARTIES
(DOCKET ENTRY # 29)**

**April 4, 2014**

**BOWLER, U.S.M.J.**

    On March 21, 2014, plaintiff Barry Spencer II ("plaintiff") filed a motion to join eight defendants. (Docket Entry # 29). Defendant Lewis ("Lewis" or "defendant")[2] opposes the motion as to six of the eight defendants due to the absence of facts to support their liability. (Docket Entry # 30).

<u>BACKGROUND</u>

    In the original complaint, plaintiff filed suit against Lewis, unknown defendants John Doe Boston police officers, including a Sergeant John Doe, a booking officer and the City of Boston Police Department. (Docket Entry # 1).

---

[1] The caption is taken directly from the complaint. (Docket Entry # 1).
[2] The complaint does not identify Officer Lewis' full name. In a supporting memorandum to a motion to dismiss, the City of Boston Police Department identified Lewis' full name as "Officer Roderick Lewis." (Docket Entry # 16, p. 1).

On March 14, 2014, this court dismissed the Boston Police Department as a defendant. (Docket Entry # 25). The Memorandum and Order also informed plaintiff that he may seek leave to amend the complaint to name the City of Boston as a defendant. (Docket Entry # 25). The Memorandum and Order sets out the facts as described in the complaint. Accordingly it is not necessary to address them here in further detail.

Plaintiff presently seeks to join as defendants the "City of Boston/Commonwealth of Massachusetts, Peter King, Sgt. Smith, Sgt. Kraft, Officer O'Brien, Officer Cepeda, Officer Maldonado [and the] Booking Officer 3-11 shift on 9/14/12." (Docket Entry # 29). Defendant submits that plaintiff should seek leave to amend the complaint under Fed.R.Civ.P. 15 ("Rule 15") to include the City of Boston.

Defendant also argues that joinder is futile as to six of the defendants because the complaint fails to allege any facts against them. The six defendants are Peter King, Sgt. Smith, Sgt. Kraft, Officer O'Brien, Officer Cepeda and Officer Maldonado.

## DISCUSSION

Permissive joinder is governed by Fed.R.Civ.P. 20(a)(2) ("Rule 20(a)(2)"). A plaintiff may join multiple defendants under Rule 20(a)(2) if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2).

Permissive joinder is a cumulative two prong test requiring both transactional relatedness and commonality. 4 James Wm. Moore et al., Moore's Federal Practice, § 20.02[1][a] (3rd ed. 2013). The rule "is liberally construed to entertain a broad scope of litigation" and is based on "common sense, fact-based considerations," not on "arcane historic formulations of legal relationships." Id.; see also Collazo v. Calderón, 212 F.R.D. 437, 441 (D.P.R. 2002).

Where, as here, a plaintiff seeks "to add defendants more than twenty-one days after a motion to dismiss was filed, Plaintiff 'must seek leave to amend the complaint under Federal Rule of Civil Procedure 15(a), and the joinder must also satisfy the requirements of Federal Rule of Civil Procedure 20(a)(2).'" White v. Ameritel Corp., 2011 WL 6837644, at *4 (D.Md. Dec. 28, 2011); accord Bayatfshar v. Aeronautical Radio, Inc., 934 F.Supp.2d 138, 142 (D.D.C. 2013); see also Boyd v. District of Columbia, 465 F.Supp.2d 1, 3 (D.D.C. 2006) (once responsive pleading is served, "plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party");

3

Fed.R.Civ.P. 15(a). Consequently, even assuming for purposes of argument that the complaint satisfies Rule 20(a)(2), plaintiff must also seek leave to amend under Rule 15(a) in order to add these defendants. White v. Ameritel Corp., 2011 WL 6837644, at *4; Bayatfshar v. Aeronautical Radio, Inc., 934 F.Supp.2d at 142.

Defendant challenges the motion on the basis of futility. Futility constitutes an adequate basis to deny an amendment under Rule 15(a). See Universal Communications Systems, Inc. v. Lycos, Inc., 478 F.3d 413, 418 (1st Cir. 2007); Maine State Building and Construction Trades Council, AFL CIO v. United States Department of Labor, 359 F.3d 14, 19 (1st Cir. 2004). "An amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss." Menard v. CSX Transp., Inc., 2012 WL 13372, *5 (D.Mass. Jan. 3, 2012). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include factual allegations that when taken as true demonstrate a plausible claim to relief even if actual proof of the facts is improbable. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-558 (2007). Moreover, "in a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

Plaintiff does not attach a proposed amended complaint. The original complaint is devoid of any facts connecting the proposed six defendants to the September 18, 2012 incident set out in the complaint. Although the complaint refers to various unknown John Doe officers, it does not attribute any of these unknown officers' actions to the additional parties plaintiff seeks to join. The motion to join these six defendants therefore lacks merit because it does not satisfy Rule 15(a).

In the event plaintiff seeks leave to amend the complaint in the future, he should attach a proposed amended complaint. See Clayton v. White Hall School District, 778 F.2d 457, 460 (8th Cir. 1985) ("to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion"); Bownes v. City of Gary, Ind., 112 F.R.D. 424, 425 (N.D.Ind. 1986). At a minimum, the proposed amended complaint should set out facts connecting the proposed defendants to the September 2012 incident detailed in the complaint. As advised in the March 2014 Memorandum and Order, plaintiff should also seek leave to amend under Rule 15 in the event he wishes to join the City of Boston as a defendant.

CONCLUSION

In accordance with the foregoing discussion, the motion to join (Docket Entry # 29) is **DENIED**.

                                      /s/ Marianne B. Bowler
                                **MARIANNE B. BOWLER**
                                United States Magistrate Judge