```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


BARRY SPENCER,
     Plaintiff,



     v.                              CIVIL ACTION NO.
                                     13-11528-MBB


CITY OF BOSTON, et. al.,
     Defendants.
```

**MEMORANDUM AND ORDER RE:
MOTION TO APPOINT COUNSEL
(DOCKET ENTRY # 149)**

**May 3, 2016**

**BOWLER, U.S.M.J.**

Plaintiff Barry Spencer ("plaintiff") seeks appointment of counsel in this civil rights action alleging the use of excessive force as well as assault and battery by various officers of the Boston Police Department and the City of Boston. Plaintiff, an inmate at Old Colony Correctional Center in Bridgewater, Massachusetts, is proceeding pro se and in forma pauperis.

DISCUSSION

There is no constitutional right to appointment of counsel beyond the direct appeal of a criminal conviction. Swazo v. Wyoming Department of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994); see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) ("[t]here is no absolute constitutional right to a free lawyer in a civil case"). Under 28 U.S.C. §

1915(e)(1), however, a court has the discretion to request appointed counsel for "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see Weir v. Potter, 214 F.Supp.2d 53, 54 (D.Mass. 2002) (citing section 1915(e)(1) and noting that appointment is discretionary).

In order to obtain appointed counsel under section 1915(e)(1), there must be a showing of both indigency and exceptional circumstances. DesRosiers v. Moran, 949 F.2d at 23; accord Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel"); Weir v. Potter, 214 F.Supp.2d at 54. To determine whether exceptional circumstances exist, a court "examine[s] the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers v. Moran, 949 F.2d at 24; see Weir v. Potter, 214 F.Supp.2d at 54 (in assessing whether exceptional circumstances exist to warrant appointment, courts consider "merits of the case, the litigant's capability of conducting a factual inquiry, the complexity of the legal and factual issues, and the ability of the litigant to represent [him]self.)"

In the case at bar, the facts are not complex. Rather, they involve a single incident that took place in September 2012. In light of the summary judgment ruling, the only remaining claims

2

are assault and battery and excessive force.  (Docket Entry # 113).  Neither the facts nor the law is sufficiently complicated to warrant appointment of counsel.  In addition, plaintiff's filings as well as his arguments in the courtroom demonstrate an adequate ability to represent himself.[1]

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion to appoint counsel (Docket Entry # 149) is **DENIED** without prejudice.

                                            /s/ Marianne B. Bowler  
                                          **MARIANNE B. BOWLER**  
                                          United States Magistrate Judge

---

[1] In light of these findings, it is not necessary to address whether plaintiff makes a sufficient showing of indigency.